**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

WISSAM AL-JANABI,

        Plaintiff,

v.                                                             Case No. 20-12655

WAYNE STATE UNIVERSITY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION**
**TO DISMISS AND DISMISSING THIS CASE**

Plaintiff Wissam Al-Janabi brings this action alleging violations of the Equal Educational Opportunities Act ("EEOA"), 20 U.S.C. § 1701 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Titles IV and VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000c-6 and 2000d *et seq.*, the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, breach of contract, and the First Amendment. (ECF No. 1, PageID.4.) Plaintiff was a graduate student at Defendant Wayne State University and received a failing grade on a school project.

Defendant has filed a motion to dismiss the complaint. (ECF No. 7, PageID.228.) The matter has been thoroughly briefed. (ECF Nos. 10, 11.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, Defendant's motion will be granted.

## I.  BACKGROUND

The following are facts as alleged in Plaintiff's complaint. In a motion to dismiss, the court accepts Plaintiff's factual allegations as true but makes no overt finding as to truth or falsity. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff does not present factual allegations in a clear and understandable way, but the court can decipher the following facts. Plaintiff studied at Defendant's University of Medicine to receive a master's in public health. (ECF No. 7, PageID.241; ECF No. 1, PageID.5.) Plaintiff pursued the degree for seven years. (ECF No. 7, PageID.241; ECF No. 1, PageID.5.)

For the last project of his degree, Plaintiff received a failing grade. (ECF No. 7, PageID.241; ECF No. 1, PageID.5.) Plaintiff protested the grade with his instructor and soon thereafter he was charged with non-academic misconduct. (ECF No. 7, PageID.241; ECF No. 1, PageID.5.) He asserts there were several procedural irregularities with the grading process that applied only to him and not his peers. (ECF No. 1, PageID.5.) In addition, Defendant allegedly did not provide Plaintiff with "records" he requested for a period of two weeks. (*Id.*) Plaintiff seeks $2 million in damages as a result of his inability to complete his degree. (*Id.*, PageID.6.)

## II.  STANDARD

Defendant moves to dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for a failure to state a claim under Rule 12(b)(6). (ECF No. 7.)

### A. Rule 12(b)(1)

Rule 12(b)(1) permits parties to seek dismissal of claims for "lack of subject-matter jurisdiction." Such motions "fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (1994). For a facial attack, which concerns the legal sufficiency of the complaint, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (internal citation omitted).

For an attack against "the factual existence of subject matter jurisdiction[,] . . . no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citation omitted). "[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The "[p]laintiff bears the burden of establishing that subject matter jurisdiction exists," and factual findings made by the court to "are reviewed for clear error." *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014).

### B. Rule 12(b)(6)

Under Rule 12(b)(6), a party can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing motions under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiffs. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "To survive a motion to dismiss, a complaint must contain factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The plaintiff must present "more than labels and conclusions." *Twombly*, 550 U.S. at 545. "[A] formulaic recitation of a cause of action's elements will not do." *Id.*

When reviewing a motion to dismiss, the court "may not consider matters beyond the complaint." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009). However, the court may consider "documents incorporated into the complaint by reference . . . and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider "a document that is not formally incorporated by reference or attached to a complaint" when "[the] document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. DISCUSSION

The court will first address Plaintiff's breach of contract claim. It will then discuss Plaintiff's First Amendment, ADA, FERPA, EEOA, Title IV, and Title VI claims in turn.

#### A. Breach of Contract

Plaintiff's breach of contract claim is facially barred by Defendant's sovereign immunity. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or

4

prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "With their ratification of the federal Constitution, the States ceded many aspects of their sovereign authority to the federal government—but not their immunity from civil suit." *Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020). Sovereign immunity for state governments is "firmly enshrined in our constitutional framework and shields the States from private lawsuits absent their consent or permissible abrogation by Congress." *Crabbs v. Scott*, 786 F.3d 426, 428-29 (6th Cir. 2015) (quoting *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 752-53 (2002)).

"Because a public university . . . is an arm of the state, it is entitled to Eleventh Amendment immunity from suit for compensatory and punitive damages." *Qui v. Univ. of Cincinnati*, 803 F. App'x 837-38 (6th Cir. 2020); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) ("Since a public university qualifies as an arm of the state . . . Miami University is immune from suit."). In fact, the Sixth Circuit exhaustively explained in *Kreipke v. Wayne State University* that Defendant qualifies as being an "arm of the state" for purposes of Eleventh Amendment immunity. 807 F.3d 768, 775-81 (6th Cir. 2015); *see also Richardson v. Wayne State Univ.*, 587 F. App'x 284, 286 (6th Cir. 2014) (affirming dismissal of claims against Defendant on sovereign immunity grounds). Thus, Defendant is entitled to sovereign immunity.

"The Sixth Circuit has largely followed the 'jurisdictional bar' approach to sovereign immunity." *Colvin v. Caruso*, 605 F.3d 282, 289-90 (6th Cir. 2010) (quoting *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)). The question of sovereign immunity can even be raised *sua sponte* "because it implicates important questions of

federal-court jurisdiction and federal-state comity." *Id.*; *accord Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). "A dismissal for lack of jurisdiction does not operate as an adjudication on the merits," *Holloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000) (quoting Fed. R. Civ. P. 41(b)), and dismissal on grounds of sovereign immunity is without prejudice. *See Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (holding that there is a "heavy presumption" that dismissal of claim against a state government on sovereign immunity grounds is "without prejudice").

State governments and state officers in their official capacities are entitled to sovereign immunity for claims brought in federal court under state law. *See Pennhurst Sch. & Hosp. v. Halderman*, 465 U.S. 89, 103-121 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."); *Ernst*, 427 F.3d at 368-69 (finding that the state of Michigan was entitled to sovereign immunity for state law claims because "the States' constitutional immunity from suit prohibits all state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature"); *Foster v. Michigan*, 573 F. App'x 377, 398 (6th Cir. 2014) (holding the state of Michigan was immune from state-law claims). Thus, Defendant is immune from Plaintiff's breach of contract claim, and the claim will be dismissed without prejudice.

### B. First Amendment

Defendant is also immune from Plaintiff's First Amendment claim. Under 42 U.S.C. § 1983, individuals may recover damages against state officials for violations of the Constitution. It is well established that "the Eleventh Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their

official capacities." *Rogers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003); *accord Cady*, 574 F.3d at 342; *see also Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 152 n.2 (6th Cir. 1995) ("The First Amendment claims against the Kentucky DOT are barred by Eleventh Amendment immunity."). Plaintiff's First Amendment claim is barred by Defendant's sovereign immunity, and his claim will be dismissed without prejudice.

### C.  ADA

Congress has abrogated state sovereign immunity for some, but not all, violations of the ADA. For instance, the Supreme Court held in *Board of Trustees of University of Alabama v. Garrett* that Title I of the ADA does not abrogate sovereign immunity. 531 U.S. 356, 374 (2001). However, in *United States v. Georgia*, the Supreme Court held that Title II of the law did abrogate asserting sovereign immunity "insofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment." 546 U.S. 151, 159 (2006) (emphasis removed). When determining whether sovereign immunity bars a Title II action, courts consider:

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Babcock v. Michigan*, 812 F.3d 531, 534-35 (6th Cir. 2016) (quoting *Georgia*, 546 U.S. at 159). Plaintiff's complaint does not identify a violation of Title II, and the court is unable to determine whether Defendant is entitled to sovereign immunity. *Id.* The ADA claim is instead subject to dismissal for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

Plaintiff in his complaint does not explain the legal basis for his ADA claim, nor does he cite a valid statutory provision or caselaw. The complaint states only "Violation of ADA law, section 504." (ECF No. 1, PageID.5.) Even though Plaintiff proceeds *pro se*, it is not the court's responsibility to decipher and formulate a winning legal argument for him. *See Bass v. Wendy's of Downtown, Inc.*, 526 F. App'x 599, 601 (6th Cir. 2013) ("Although prisoner pro se litigants are given limited special aid and consideration, we have made clear that non-prisoner pro se litigants are treated no differently than litigants who choose representation by attorneys."); *United States v. Ninety Three Firearms*, 330 F.3d 414, 428 (6th Cir. 2003) (quoting *Brock v. Hendershott*, 840 F.2d 330, 343 (6th Cir. 1988) ("[P]rohibiting special treatment for nonprisoner pro se litigants was only fair because parties choosing to have counsel 'must bear the risk of their attorney's mistakes,' and thus, 'a litigant who chooses himself as a legal representative should be treated no differently.'"). As a party to this lawsuit, he must "state a claim upon which relief can be granted" and describe legal provisions that support his request for damages. Fed. R. Civ. P. 12(b)(6); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007) (stating that courts will not "identify and address the arguments that [a party] could have made but did not"); *In re McFadden*, 477 B.R. 686, 696 (N.D. Ohio 2012) ("The court is not tasked with creating claims and arguments for pro se parties.").

Plaintiff cannot simply cite an entire body of law "ADA law" and survive a motion to dismiss. The complaint mentions "section 504." (ECF No. 1, PageID.5.) However, the

court is unaware of any section 504 in the ADA. The ADA occupies 42 U.S.C. § 12101 to 12213 of the U.S. Code. *See Georgia*, 546 U.S. at 153. Plaintiff does not explain or describe how section 504 supports his claim under the ADA. Defendant believes Plaintiff is referring to section 504 of the Rehabilitation Act, 29 U.S.C. § 794, in his complaint. (ECF No. 7, PageID.250.) However, Plaintiff does not confirm this assumption in his briefing, nor does he clarify what the legal basis of his ADA claim is. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quotations removed) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."); *Geboy*, 489 F.3d at 767. In fact, a "section 504" is not mentioned or cited once in Plaintiff's briefing, and, in his response, Plaintiff fails to cite a single statutory provision or case in his ADA analysis. (*See* ECF No. 10, PageID.320-21.)

      The court will not identify a specific legal basis for Plaintiff's claim, apply the facts to the identified law, and argue against Defendant's motion to dismiss on behalf of Plaintiff. When describing the legal basis for his claim, Plaintiff's complaint stated only that there was a "Violation of ADA law, section 504." (ECF No. 1, PageID.5.) Such a complete lack of legal support cannot establish a valid claim for relief. As the Supreme Court held in *Twombly*, "a formulaic recitation of a cause of action's elements" will not survive a motion to dismiss. 550 U.S. at 54. Plaintiff's complaint does not identify even a coherent legal position, let alone substantive elements of a cause of action. *See id.*; *16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502, 504 (6th Cir. 2013) ("[A] plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law.").

Plaintiff fails to provide legal support for a claim under the ADA, and the court has no way to analyze whether Defendant's sovereign immunity bars the ADA claim. Dismissal with prejudice pursuant to Rule 12(b)(6) is justified.

### D.  FERPA

Plaintiff claims that Defendant "held [his] records hostage for about two weeks until I sent them an email to remind them about the FERPA." (ECF No. 1, PageID.5.) Neither in the complaint nor in the briefing does Plaintiff cite a statutory provision or case to support his claim. *See McPherson*, 125 F.3d at 995-96; *Geboy*, 489 F.3d at 767. As Defendant accurately explains, the Supreme Court determined in *Gonzaga University v. Doe* that FERPA, 20 U.S.C. § 1232g, in the context of unauthorized disclosures, does not create a private cause of action. 536 U.S. 273 (2002); *United States v. Miami Univ.*, 294 F.3d 797, 809 n.11 (6th Cir. 2002) ("FERPA does not create personal rights that an individual may enforce."); *Bevington v. Ohio Univ.*, 93 F. App'x 748, 750 (6th Cir. 2004) ("[The plaintiff's] FERPA claim was properly dismissed because there is no private right of action under the FERPA."). (ECF No. 7, PageID.264.) Defendant also points out that FERPA allows schools to respond to requests for records within forty-five days. 20 U.S.C. § 1232g. (ECF No. 7, PageID.264.) Plaintiff alleges Defendant did not respond to a records request for "about" fourteen days, well before the forty-five-day deadline. (ECF No. 1, PageID.5.)

In response to Defendant's arguments, Plaintiff states simply, without legal support or explanation, that FERPA "[c]learly states that it is my right to get a copy of my school records." (ECF No. 10, PageID.321.) It is not the court's responsibility to argue on Plaintiff's behalf, and his bare legal conclusions are not sufficient to survive a

10

motion to dismiss. *See Twombly*, 550 U.S. at 545; *16630 Southfield Ltd. P'ship*, 727 F.3d at 504. The court will dismiss Plaintiff's FERPA claim with prejudice for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

### E. EEOA

The EEOA was enacted in 1974 to facilitate a more quick and seamless transition away from racially segregated schools.[1] *See Monell v. Dep't of Soc. Sevs. of City of N.Y.*, 436 U.S. 658, 697 n.63 (describing the EEOA's history). Although Plaintiff fails to cite a single provision of the EEOA in his complaint and briefing, 20 U.S.C. § 1703 of the law bars six specific practices. The provision states that "[n]o State shall deny equal educational opportunity to an individual on account of his or her race, color, sex, or national origin, by--

> (a) the deliberate segregation by an educational agency of students on the basis of race, color, or national origin among or within schools;
>
> (b) the failure of an educational agency which has formerly practiced such deliberate segregation to take affirmative steps, consistent with part 4 of this subchapter, to remove the vestiges of a dual school system;
>
> (c) the assignment by an educational agency of a student to a school, other than the one closest to his or her place of residence within the school district in which he or she resides, if the assignment results in a greater degree of segregation of students on the basis of race, color, sex, or national origin among the schools of such agency than would result if such student were assigned to the school closest to his or her place of residence within the school district of such agency providing the appropriate grade level and type of education for such student;
>
> (d) discrimination by an educational agency on the basis of race, color, or national origin in the employment, employment conditions, or assignment

---

[1] The statute has not been the source of litigation in recent decades, but the Supreme Court has noted that it could serve to abrogate state sovereign immunity. *See Horne v. Flores*, 557 U.S. 433, 440 n.1 (2009). The Supreme Court in *Horne* did not resolve the issue. *Id.*

11

> to schools of its faculty or staff, except to fulfill the purposes of subsection (f) below;
>
> (e) the transfer by an educational agency, whether voluntary or otherwise, of a student from one school to another if the purpose and effect of such transfer is to increase segregation of students on the basis of race, color, or national origin among the schools of such agency; or
>
> (f) the failure by an educational agency to take appropriate action to overcome language barriers that impede equal participation by its students in its instructional programs."

20 U.S.C. § 1703.

In the complaint, Plaintiff asserts merely "Violation to EEOA" and lists the following factual allegations:

> The second project that was given to me by the course director herself without mutual agreement or discussion, this project lacks the essential biostatistical features, extremely vague, and based on three academic papers that each one has a different outcome and cannot be capered with others. Unlike my colleagues who obtained the same degree were assigned a proper project advisor who is a biostatistician and a project contain [sic] statistical analysis that conforms to our degree's requirements. Furthermore, unlike my peers I was graded in less than an hour from submitting my final project paper (25 Pages), and without grading by an independent reader as their syllabus stated.

(ECF No. 1, PageID.5.)

Nowhere in the complaint and briefing does Plaintiff identify violations of the EEOA. There is no mention of racial segregation, affirmative action to reverse racial segregation, assignment of a student to a public school not within the student's local school district, discrimination in how faculty and staff are employed and assigned to school districts, transfers of students to further racial segregation, or failures to overcome language barriers in public schools. *See* 20 U.S.C. § 1703. Further, Plaintiff does not allege he was treated differently "on account of his or her race, color, sex, or national origin," the identity categories Congress created the EEOA to protect. *Id*. For

12

example, he claims all his "colleagues," regardless of race, color, sex, or national origin, were permitted to work with a biostatistician, but he was not. (ECF No. 1, PageID.5.)

Defendant's alleged failure to assign Plaintiff a scientific school project and its decision to enact grading procedures that Plaintiff believes are unfair in no way relate to the EEOA or racial desegregation. (ECF No. 1, PageID.5.) Plaintiff has presented no legal basis for his EEOA claim beyond conclusory allegations of unlawful conduct, *Twombly*, 550 U.S. at 545, *16630 Southfield Ltd. P'ship*, 727 F.3d at 504, and his factual allegations do not "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. The court will dismiss Plaintiff's EEOA claim with prejudice. *See* Fed. R. Civ. P. 12(b)(6).

### F. Titles IV and VI

The final two claims identified in Plaintiff's complaint are those brought under Title IV and VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000c-6 and 2000d *et seq*. (ECF No. 1, PageID.4.) Plaintiff ignores the claims in his "Statement of Claim" section of the complaint, and he alleges no facts in support of the claims. (*See id.*, PageID.5.) Furthermore, in his briefing, Plaintiff does not once mention or cite Title IV or Title VI. Defendant correctly states that "Plaintiff fails to make any allegations whatsoever in regard to Titles IV or VI," and he "necessarily fails to plead the essential elements of those claims." *See Twombly*, 550 U.S. at 545. (ECF No. 7, PageID.265.) Dismissal of the Titles IV and VI claims with prejudice is justified. *See* Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

Defendant is entitled to sovereign immunity for Plaintiff's breach of contract and First Amendment claims. In addition, Plaintiff has failed to state a claim under the ADA, FERPA, EEOA, and Titles IV and VI. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 7.) is GRANTED. Plaintiff's breach of contract and First Amendment claims are DISMISSED WITHOUT PREJUDICE. Plaintiff's ADA, FERPA, EEOA, Title IV, and Title VI claims are DISMISSED WITH PREJUDICE.

                                                          s/Robert H. Cleland                             /
                                                          ROBERT H. CLELAND
                                                          UNITED STATES DISTRICT JUDGE

Dated: April 1, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 1, 2021, by electronic and/or ordinary mail.

                                                          s/Lisa Wagner                                    /
                                                          Case Manager and Deputy Clerk
                                                          (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\AL-JANABI.20-12655.MotiontoDismiss.RMK.1.docx